876 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny WASACZ, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1866.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1989.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and WILLIAM O. BERTELSMAN, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Johnny Wasacz ("Wasacz") appeals the summary judgment granted by the district court affirming the decision of the Secretary of Health and Human Services ("Secretary") denying his claim for disability insurance benefits because he was not "disabled" within the meaning of the Social Security Act ("Act").
 
 I.
 
 2
 Wasacz filed for disability benefits on January 27, 1986. He alleged he had been disabled since January 26, 1984, by chronic lower back pain and pain in his left elbow, left shoulder, and right knee, with his back and knee being his primary sources of pain. His application was denied initially and upon reconsideration. He requested a hearing, which an Administrative Law Judge ("ALJ") conducted on January 16, 1987. Wasacz appeared and testified and was represented by counsel.
 
 
 3
 On May 7, 1987, the ALJ issued his decision that Wasacz was not disabled and therefore not entitled to benefits. On August 18, 1987, the Appeals Council denied Wasacz's request for a review, thereby allowing the ALJ's denial to become the final decision of the Secretary.
 
 
 4
 Wasacz then commenced this civil action seeking judicial review of the Secretary's decision. The parties moved for summary judgment, and the district court referred the matter to the magistrate. The magistrate found the Secretary's decision to be supported by substantial evidence and recommended it be affirmed. Wasacz objected, and the district court reviewed the matter in its entirety before granting the Secretary's motion for summary judgment. Wasacz then filed a timely notice of appeal with this court.
 
 
 5
 Wasacz was born on May 12, 1933, and was fifty-three years old at the time of his hearing. He has a college degree in law enforcement and psychology and was employed by the Wayne County Sheriff's Department from May 1961 until January 1984. He was a patrol officer for all but the last months of his employment with the sheriff's department, when he was assigned to a desk job sorting subpoenas and writs and contacting defendants about outstanding warrants.
 
 
 6
 Wasacz injured his back three times in the 1970s and hurt his left shoulder as well. He underwent shoulder surgery in October 1980. Wasacz returned to work in July 1982 and was assigned to his desk job, which he loathed. He continued to have problems with his shoulder, elbow, spine, and right knee. In early 1985, he was retired from the sheriff's department on a duty-connected medical disability. Thereafter, he underwent arthroscopic knee surgery in July 1985 and January 1986.
 
 II.
 
 7
 In his decision of May 7, 1987, the ALJ reviewed Wasacz's extensive medical history and pertinent facts contained therein. Despite Wasacz's spirited contentions to the contrary, the ALJ found that the sheriff's department's decision to retire Wasacz did not constitute a physician's opinion declaring him medically disabled. Second, the ALJ noted that according to Wasacz's treating physicians, the claimant was capable of playing golf in May 1984 and had continued to pursue his hobby of serious body building and weight lifting through 1986. The ALJ also found it noteworthy that Wasacz loathed his desk job and desired to switch to food service management. Pointing out that none of Wasacz's treating physicians had ever declared him disabled, the ALJ found Wasacz's impairments were the result of degenerative changes which caused him some pain, but did not render him totally disabled within the meaning of the Act. The ALJ further found Wasacz capable of returning to his desk job and of performing sedentary work after January 1984.
 
 
 8
 After careful review of the arguments advanced in the briefs and the medical evidence contained in the record, we find the Secretary's decision is supported by substantial evidence. Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation